# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanguard Specialized Funds, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> VEREIT Incorporated, et al., <br><br> Defendants. | No. CV15-02157-PHX-ROS <br><br> **PROTECTIVE ORDER** |

Pursuant to the Parties' Stipulated Joint Motion for Entry of Protective Order, and good cause appearing,

**IT IS ORDERED** the stipulation (Doc. 138) is **GRANTED**. The following Protective Order ("Order") shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action (the "Litigation").

1.  **DEFINITIONS**

    (a)   Confidential Discovery Material.  Any Discovery Material designated as "Confidential" pursuant to Paragraph 3(b) hereto.

    (b)   Derivative Information.  As defined in Paragraph 3(d) hereto.

    (c)   Designating Party.  As defined in Paragraph 5(b) hereto.

  (d) <u>Discovery Material</u>.  Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given or exchanged in this Litigation, regardless of the medium or manner generated, stored or maintained.

  (e) <u>Non-Party</u>.  Any person or entity that is not a Party to the Litigation.

  (f) <u>Objecting Party</u>.  As defined in Paragraph 8(b) hereto.

  (g) <u>Producing Party</u>.  Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Litigation.

  (h) <u>Protected Material</u>.  As defined in Paragraph 7(a) hereto.

  (i) <u>Receiving Party</u>.  Any Party receiving Discovery Material in the Litigation.

2. **PURPOSES AND LIMITATIONS**

  Subject to Paragraph 4(c), all Discovery Material (including, but not limited to, Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final. Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 4 hereto.  The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of copies of Discovery Material marked "Confidential."

3. **DESIGNATING DISCOVERY MATERIAL**

(a) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order will act in good faith not to over-designate Discovery Material as Confidential Discovery Material.

(b) <u>Confidential Designations</u>.  Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery Material contains or reflects non-public personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, product research or development, or information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection or secrecy laws or regulations), regulations governing the disclosure of government or agency documents, or Fed. R. Civ. P. 26(c)(1)(G).

(c) <u>Manner of Designations</u>.  For purposes of this Order, Producing Parties shall designate Confidential Discovery Material in the following manner:

(i) In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" on each page of the relevant materials at the time of their production.  PowerPoint presentations, and any speaker notes from PowerPoint presentations, shall be produced as TIFF images, and each TIFF image shall bear a document control number and the confidentiality designation, if any.  Excel spreadsheets, if produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

(ii) In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(iii) In the case of depositions, counsel for any Party may designate as "Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed to contain Confidential Discovery Material. The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony. The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated Confidential. Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(iv) In such cases where the marking of each piece of Discovery Material as "Confidential" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

- 4 -

1       (d) <u>Derivative Information</u>. Extracts, summaries, compilations and descriptions of Confidential Discovery Material and notes, electronic images or databases containing Confidential Discovery Material ("<u>Derivative Information</u>") shall be treated as "Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

      (e) <u>Failure to Designate</u>. If a Producing Party produces Discovery Material that it considers to be "Confidential" without affixing the appropriate legend(s) to such Discovery Material, produces two or more identical copies of Discovery Material (i.e., duplicates) with inconsistent legends, or fails to designate deposition or other testimony within the 30-day period provided in Paragraph 3(c)(iii), or if a Party fails to designate Discovery Material produced by a Non-Party within the 60-day period provided in Paragraph 12(c), the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties or, in the event of a production by a Non-Party, all Parties (i) written notice of such designation and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order. The Receiving Party or, in the event of a production by a Non-Party, all Parties must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order. Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as "Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party or Non-Party.

1  (f)  <u>No Waiver</u>.  Disclosure by the Producing Party of Discovery Material designated as "Confidential" regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

4. **ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL**

(a)  <u>Use of Confidential Discovery Material</u>.  No person shall disclose, or cause another person to disclose, Confidential Discovery Material to any other person except as provided in this Order.  A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization or communication is reasonably necessary for the prosecution or defense of this Litigation:

(i)  outside counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(ii)  a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself;

(iii)  experts or consultants and their employees and/or staff members engaged to prepare a written opinion, testify or assist counsel for a Party in the Litigation, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided

further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

   (iv) any witness during their deposition or other proceeding in this Litigation.  All such witnesses, and their counsel, will be bound by the provisions of the Protective Order, and no such witnesses or deponents or their counsel (except to the extent the counsel represents a Party) shall be permitted to retain any Confidential Discovery Material;

   (v) any fact witness in this Litigation or any person whom a Party's counsel believes in good faith will testify in this Litigation, and his or her counsel, to the extent the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the witness's testimony, and provided that such witness and his or her counsel has signed an undertaking in the form attached as Exhibit A hereto and is not provided by the Receiving Party with copies of such Confidential Discovery Material for his or her retention.  Confidential Discovery Material may be disclosed to a witness who refuses to sign the Exhibit A, attached hereto, if the witness has been told that the Confidential Discovery Material may be protected by federal and applicable state law, and that misuse, misappropriation or wrongful disclosure of Confidential Discovery Material might subject the witness to civil and/or criminal liability.  Counsel shall safeguard all such documents, furnish them one at a time to the witness in preparations, collect and safeguard them after each individual use, not permit the witness to copy or take notes concerning such documents and, at the time of testimony, represent at the inception of the witness's testimony adherence to this order;

   (vi) the original source of information reflected in Confidential Discovery Material, provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or recipient of such Confidential Discovery Material,

1 only the portion of such Confidential Discovery Material reflecting information
2 provided by the source may be disclosed to the source;

3       (vii)   court reporters and videographers and their respective staffs
4 retained in connection with the Litigation;

5       (viii)  the Court, necessary Court personnel and jurors;

6       (ix)    any mediator, arbitrator, or other person engaged for the purpose
7 of alternative dispute resolution, provided that such meditator, arbitrator, or other
8 person has signed an undertaking in the form attached as Exhibit A hereto;

9       (x)     any person who is identified as an author or recipient of such
10 Confidential Discovery Material (whether by the Confidential Discovery Material
11 itself or any other Discovery Material, including by testimony), provided that such
12 person is notified that such Confidential Discovery Material is subject to this Order
13 and is not provided with copies of such Confidential Discovery Material for his or her
14 retention; and

15       (xi)    any other person agreed upon in advance by all Parties in writing
16 or on the record or any person as to whom the Court directs should have access.

17    (b)   Absent an order of the Court directing otherwise, there is no
18 requirement that a Party who discloses information or items designated as
19 "Confidential" disclose the identities of the recipients of such information or produce
20 any executed Exhibit A, attached hereto.

21    (c)   Notwithstanding anything to the contrary in this Order, a Party may use
22 Confidential Discovery Material in connection with its defense in a government or
23 regulatory proceeding, provided that it undertakes to maintain the protection afforded
24 to the material by this Order.

25    (d)   <u>Disclosure to Unauthorized Persons</u>. If a Receiving Party learns that, by
26 inadvertence or otherwise, it has disclosed Confidential Discovery Material to any
27 person or in any circumstance not authorized under this Order, the Receiving Party
28 must immediately (i) notify in writing the Producing Party of the unauthorized

disclosures, (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

(e) <u>Use by Additional Parties</u>.  In the event that additional persons or entities become parties to the Litigation (a "<u>New Party</u>"), neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

(f) <u>Limitations on Use</u>.  Every person or entity given access to Confidential Discovery Material or information contained therein:

(i) shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; and

(ii) shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

5. **FILING DESIGNATED DISCOVERY MATERIAL**

(a) <u>Filing Designated Discovery Material</u>.  Whenever a Party seeks to file with the Court any Discovery Material designated as Confidential Discovery Material, or any papers containing or revealing such information (including but not limited to any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), the filing Party shall lodge such document under seal pursuant to the Court's rules and filing procedures, including LRCiv 5.6 and the Electronic Case Filing Administrative Policies and Procedures Manual, including the filing of a motion or stipulation to file such materials under seal that complies with LRCiv 5.6.  Nothing in this Paragraph, however, shall preclude a Party from filing Discovery Materials that

the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

(b)  In certain instances, materials submitted to the Court may be designated Confidential Discovery Material by another Party or Non-Party (the "<u>Designating Party</u>").  In such instances, the filing Party must confer with the Designating Party as required by LRCiv 5.6(d).  The conference required by LRCiv 5.6(d) shall occur no later than three (3) business days before the anticipated filing date.  At that conference, the Parties shall also confer about appropriate redactions.  If the Parties are unable to agree on what material must be redacted, then the Party that wishes to file the document or refer to the information in a submission must email the document and the information to be included in the submission to the Designating Party no later than two (2) business days before the anticipated filing date in order to allow the Designating Party to identify appropriate redactions, and the filing Party shall adopt those redactions in the publicly accessible versions of the document and submission. The Designating Party bears the burden of justifying filing under seal, either in the motion to seal or the response to the motion to seal, as appropriate.

(c)  Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

(d)  <u>Removal of Sealed Records</u>.  Sealed records that have been filed may be removed by the Designating Party (i) within 90 days after a final decision disposing of the Litigation is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

6.  **USE OF DESIGNATED DISCOVERY MATERIAL IN COURT**

(a)  <u>Use of Confidential Discovery Material in Court</u>.  Unless applicable rules or the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing, conference, or trial, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of the court

appearance, without being obligated to identify the particular Confidential Discovery Material to be used.  Whether or not any such advance notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material.  This provision is not intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

7. **CLAWBACK OF PROTECTED MATERIAL**

(a) <u>Production Not a Waiver</u>.  It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to work product protection.  Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in the Litigation or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or part, by the attorney-client privilege, the attorney work product doctrine, and/or any other additional privilege, immunity, or protection, including, but not limited to, the joint defense or common interest doctrines, or applicable laws and regulations (together, "<u>Protected Material</u>"), shall not be deemed to be a waiver of those protections with respect to the Protected Material, the subject matter of the Protected Material or the right to object to the production or disclosure of the Protected Material in this Litigation or in any other proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b) <u>Clawback Procedure</u>.  If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work product protection, the Producing Party shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any Party opposing a Producing Party's assertion of attorney-client privilege, any other applicable privilege, and/or

1 entitlement to work product protection shall not assert as a ground for opposing such
2 an assertion that the Producing Party waived any privilege or protection because of
3 inadvertent production in this Litigation.

4   8.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5       (a)   <u>Failure to Challenge Not a Waiver</u>.  A Party shall not be obligated to
6 challenge the propriety of the designation of Discovery Material as "Confidential" or
7 a failure to so designate, at the time of the designation and the failure to so challenge
8 shall not waive or otherwise preclude a subsequent challenge to such designation or
9 failure to designate in accordance with Paragraph 8(c) hereto.

10       (b)   <u>Time to Challenge Designation</u>.  A Party may object to the designation
11 of Discovery Material as "Confidential" (the "<u>Objecting Party</u>"), or a failure to so
12 designate, at any time.

13       (c)   <u>Procedure for Challenging Designation</u>.  In the event that a Party wishes
14 to challenge the designation of any Discovery Material as "Confidential" or a failure
15 to so designate, the Objecting Party shall give written notice to counsel for the
16 Producing Party and all Parties in the Litigation of the reasons for the objection.  The
17 Objecting Party and the Producing Party shall attempt in good faith to resolve all
18 objections by agreement.  If any objections cannot be resolved by agreement
19 within ten (10) days from when they are first made, the Objecting Party may, in
20 accordance with Paragraph 5, submit the issue to the Court at any time.  Any
21 Discovery Material as to which such an issue is raised shall continue to be treated as
22 Confidential Discovery Material until the Court's decision on the issue or the
23 Producing Party withdraws such designation in writing, or, if the challenge is for a
24 failure of a Party to designate Discovery Material as "Confidential," such Discovery
25 Material shall be treated at the level sought by the Objecting Party until the Court's
26 decision on the issue or the Objecting Party withdraws such objection in writing.

27   9.   **FINAL DISPOSITION**
28       The provisions of this Order shall, absent written permission of the Producing

Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, make commercially reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and Derivative Information, or return such materials to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain work product, court papers, deposition transcripts and trial transcripts that contain, reference or constitute Confidential Discovery Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter or that are in use or may be used in a pending proceeding as described in Paragraph 4(c); provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

10.     **LEGAL PROCESS**

(a)     <u>Notice of Process and Objections</u>. If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice pursuant to Paragraph 10(b) hereto, as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Producing Party that designated the Discovery Material as "Confidential" in this Litigation. The Producing Party shall bear all responsibility for its objection to the production of such Confidential Discovery Material, and the Receiving Party shall not

voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law. The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential," in this Litigation.

      (b)    <u>Form of Notice</u>. Any written notice required by Paragraph 10(a) hereto shall be sufficient if made, given, furnished, or filed, in writing, to: (a) counsel to Plaintiffs, Jonathan Sherman, Boies, Schiller & Flexner LLP, 5301 Wisconsin Avenue N.W., Washington, DC 20015; (b) counsel to Defendants VEREIT, Inc. and VEREIT Operating Partnership, L.P., Antonia M. Apps, Milbank Tweed Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005-1413; (c) counsel to Defendants AR Capital, LLC, ARC Properties Advisors, LLC, and RCAP Holdings, LLC, Reid M. Figel, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., 1615 M Street N.W., Suite 400, Washington, D.C. 20036; (d) counsel to Defendant Lisa Beeson, Guy Petrillo, Petrillo Klein & Boxer LLP, 655 Third Avenue, 22nd Floor, New York, NY 10017; (e) counsel to Defendant Brian S. Block, Michael C. Miller, Steptoe & Johnson, LLP, 1114 Avenue of the Americas, New York, NY 10036; (f) counsel to Defendant David Kay, Jason R. Parish and Beth Mueller, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W. Suite 1200, Washington, DC 20005; (g) counsel to Defendant Lisa P. McAlister, Dwight P. Bostwick and Adam L. Fotiades, Zuckerman Spaeder LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036; and (h) counsel to

1  Defendant Nicholas S. Schorsch, Audra J. Soloway, Paul, Weiss, Rifkind, Wharton &
2  Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064.

3  11.     **PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS**

4  This Order has no effect upon, and shall not apply to, a Producing Party's use
5  of its own Confidential Discovery Material for any purpose.  Similarly, this Order has
6  no effect upon, and shall not apply to, any information or material that:  (i) was, is or
7  becomes public knowledge, not in breach of this Order; (ii) is acquired, developed or
8  learned by the Receiving Party independent of discovery in this Litigation; or (iii) is
9  required by law to be made available to third parties.

10 12.     **NON-PARTIES**

11 (a) _Protection for Non-Parties_.  Any Non-Party from whom Discovery
12 Material is or has been sought in this Litigation may obtain the protections of this
13 Order by giving written notice to the Parties that it intends to be bound by the
14 provisions of this Order and designating that its provision of Discovery Material is
15 subject to the Order.

16 (b) _Duty to Notify Non-Parties_.  The subpoenaing or requesting party shall
17 advise any Non-Party from whom Discovery Material is sought of the existence of
18 this Order and its right to obtain its protections.

19 (c) _Right of Party to Designate_.  To the extent that any Non-Party produces
20 Discovery Material in this Litigation that contains Confidential Discovery Material of
21 a Party to this Litigation, that Party may designate such Discovery Material as
22 "Confidential," for purposes of this Order by delivering written notice of such
23 designation to the Parties within sixty (60) days of receipt by counsel for all Parties of
24 the Non-Party's production of such Discovery Material.  Until the expiration of the
25 60-day period, the Parties shall treat any Discovery Material produced by a Non-Party
26 as Confidential Discovery Material.  Thereafter, only those portions of such
27 Discovery Material designated as "Confidential" shall be deemed Confidential
28 Discovery Material.

  (d) No later than seven (7) business days after a Receiving Party's receipt of written responses and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, including written responses and objections and written meet-and-confer correspondence, and any court filings related to the subpoena, that Receiving Party must make copies of such written responses and/or Discovery Material available to all other Parties.

13. **MISCELLANEOUS**

  (a) Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order, shall not:

    (i) operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

    (ii) prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material in connection with this Litigation or any other proceeding;

    (iii) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    (iv) waive any applicable privilege, protection or immunity;

    (v) waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

    (vi) prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Confidential Discovery Material;

    (vii) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(viii)   affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Litigation.

(b)   It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

(c)   The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Litigation.

(d)   Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

(e)   The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

Dated this 4th day of November, 2016.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanguard Specialized Funds, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEREIT Incorporated, et al.,<br><br>Defendants. | No. CV15-02157-PHX-ROS |

## CERTIFICATION

I hereby certify (i) my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Protective Order, entered November __, 2016 (the "Order"), and (ii) that I have read the Order. I understand the terms of the Order, agree to be fully bound by its terms, and hereby submit to the jurisdiction of the United States District Court for the District of Arizona for purposes of enforcement of the Order. Upon the conclusion of the Litigation (or, if applicable, a proceeding described in Paragraph 4(c) of the Order) and any appeals related thereto, or when I no longer have any reason to possess the Discovery Material, whichever shall first occur, I hereby agree, upon request, to return all copies of Discovery Material to the Party who furnished the same to me or certify that

- 1 -

commercially reasonable efforts have been taken to destroy all such Discovery Material.

_____

Dated: