Keith Beauchamp (012434)
Shelley Tolman (030945)
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
T: 602.381.5490
F: 602.224.6020
kbeauchamp@cblawyers.com
stolman@cblawyers.com

Jonathan Sherman (admitted *pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20015
T: 202.237.2727
F: 202.237.6131
jsherman@bsfllp.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Vanguard Specialized Funds, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>VEREIT, Incorporated, et al.,<br><br>        Defendants. | No. CV-15-02157-PHX-JAS<br><br>**JOINT SUMMARY OF DISCOVERY DISPUTE:**<br><br>**PLAINTIFFS' REQUEST FOR ARCP TO PRODUCE DOCUMENTS FOR GAVIN BRANDON**<br><br>**(REDACTED PUBLIC VERSION)** |

Pursuant to the Court's Rule 16(b) order (Dkt. 275), Plaintiffs and Defendants VEREIT, Inc., formerly known as American Realty Capital Properties, Inc., and VEREIT Operating Partnership, L.P., formerly known as ARC Properties Operating Partnership, L.P. (hereinafter "ARCP"; together with Plaintiffs the "Parties") jointly submit this brief

1  written summary of their discovery dispute.  Per LR 7.2(j), the parties certify that they
2  attempted to resolve this matter through personal consultation and sincere effort but were
3  unable to resolve this matter.
4      **Plaintiffs' Statement.**  Plaintiffs propose that ARCP collect and produce
5  documents for ARCP's Chief Accounting Officer Gavin Brandon, going back to January
6  1, 2013 and applying all searches.  (Exs. 1, 3, 5.)  These searches should yield documents
7  responsive to Plaintiffs' requests (Exs. 8-10), but ARCP has only agreed to apply a more
8  limited set of searches for a more limited time period (Exs. 2, 4, 7).
9      **First**, Mr. Brandon's documents are highly relevant.  For example, ▉
10 ▉
11 ▉
12 ▉
13 ▉
14 ▉
15     In its initial disclosures, ARCP identified Mr. Brandon as someone who should
16 have relevant documents.  (Ex. 11 at 4.)  ARCP should not now withhold his documents,
17 or otherwise limit production of Mr. Brandon's documents.  Mr. Brandon was involved
18 with the Cole merger in 2013 and throughout 2014, so ARCP's proposed limitations
19 would exclude relevant and responsive documents (*see* Ex. 5 at 2-4).
20     **Second**, Plaintiffs suffered substantial losses, and it is not disproportionate for
21 ARCP to include several additional custodians in this action – including Mr. Brandon –
22 whose documents go to the central issues in this case.
23     **Third**, the depositions to date – reflecting many deponents' substantial lack of
24 recollection of relevant issues – underscore that Plaintiffs need these documents so that
25 they can effectively question Mr. Brandon during his deposition and at trial (where
26 ARCP indicated it may have Mr. Brandon testify for ARCP at trial).
27
28

**Fourth**, ARCP's objections are further undermined by the fact that ARCP's prior representations regarding Mr. Brandon's documents were incorrect.  (*See* Exs. 3, 5.)  ARCP's mischaracterizations provide no basis to withhold these documents.

**ARCP's Statement.**  ARCP has offered to produce Mr. Brandon's documents hitting on certain search terms for the period *after* October 28, 2014, which alone would require it to review an additional 10,715 documents.  Unsatisfied with this proposal, Plaintiffs seek additional searches for Mr. Brandon for an earlier time period (and including additional search terms) which would require ARCP to review at least ***29,000 additional documents*** (comprising more than ***438,000 additional pages***).

Plaintiffs' claim for needing Mr. Brandon's documents is based on two misguided premises:  (1) that he was "involved" with the Cole merger in 2013/2014; and (2) that he is "tied to a key admission" that ARCP engaged in intentional misconduct before 2014.

Mr. Brandon was an employee of Cole Capital before the Cole/ARCP merger, which closed in February 2014.  He was not involved in the merger negotiations and *was not even aware of the merger* until it was publicly announced in October 2013.  After the merger, he continued to work on the legacy Cole businesses, working exclusively within the Private Capital Management (PCM) segment sponsored by Cole Capital.  The PCM segment *was not the subject of any relevant changes in the March 2015 restatement, and is not the subject of any allegations in the Complaint*.  (Exs. 2, 4, 12-14.)  Mr. Brandon was appointed Chief Accounting Officer (CAO) on October 28, 2014, and was not involved in the internal investigation leading up to the Company's October 29, 2014 public announcement of certain errors in its financials; accordingly, Mr. Brandon had no role in making any purported admission in the October 2014 announcement concerning intentional errors (which pertained to the second quarter of 2014 only and was based on the internal investigation).  He is listed in ARCP's initial disclosures only because he was involved in the preparation of its March 2015 restatement (a process that started only after Mr. Brandon became CAO).

ARCP has produced 15,401 documents on which Mr. Brandon was included. Plaintiffs have not identified a single one contradicting ARCP's assertions regarding his limited role prior to October 28, 2014. Notably, the document they cite for the "key admission" is from *January 2015*. (Ex. 14 at 4-5.) Their request should be rejected.

Respectfully submitted this 25th day of May, 2018.

| COPPERSMITH BROCKELMAN PLC | OSBORN MALEDON, P.A. |
|---|---|
| By: s/ Keith Beauchamp<br>Keith Beauchamp<br>Shelley Tolman<br>2800 North Central Avenue, Suite 1900<br>Phoenix, AZ  85004 | By: s/ David Rosenbaum (w/ permission)<br>David B. Rosenbaum, 009819<br>Joseph N. Roth, 025725<br>2929 N. Central Avenue, Suite 2100<br>Phoenix, AZ  85012-2794 |
| Jonathan Sherman (*Pro Hac Vice*)<br>Amy Neuhardt (*Pro Hac Vice*)<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Avenue, NW<br>Washington, DC 20015 | Scott A. Edelman (*Pro Hac Vice*)<br>Antonia M. Apps (*Pro Hac Vice*)<br>Jed M. Schwartz (*Pro Hac Vice*)<br>Jonathan Ohring (*Pro Hac Vice*)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>28 Liberty Street<br>New York, NY  10005-1413 |
| Edward Normand (*Pro Hac Vice*)<br>Joseph Kroetsch (*Pro Hac Vice)*<br>Nathan Holcomb (*Pro Hac Vice*)<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504 | Jerry L. Marks (*Pro Hac Vice*)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>2029 Century Park East<br>Los Angeles, CA 90067 |
| Beko Reblitz-Richardson (*Pro Hac Vice*)<br>BOIES SCHILLER FLEXNER LLP<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br><br>*Attorneys for Plaintiffs* | *Attorneys for Defendants VEREIT, Inc. and VEREIT Operating Partnership, L.P.* |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Sheri McAlister