IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanguard Specialized Funds, et al., | No. CV-15-02157-PHX-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| VEREIT Incorporated, et al., | |
| Defendants. | |

Pursuant to the May 2, 2018 Order, the parties filed joint summaries of two discovery disputes. (Docs. 281, 282.) The Court has considered both the public and the sealed documents. Based on these documents and the applicable law, the Court orders the following:

First as to ARCP's Chief Accounting Officer Gavin Brandon, ARCP shall produce some of Mr. Brandon's documents. ARCP argues that Mr. Brandon's documents should be limited as to time and search term; specifically, ARCP believes that Mr. Brandon's documents should be limited to the period after October 28, 2014, when he was promoted to his current position. ARCP further contend that Mr. Brandon was not even aware of the merger until it was publically announced in 2013. Plaintiffs assert that "Mr. Brandon was involved with the Cole merger in 2013 and throughout 2014[.]" (Doc. 281 at 2.) Therefore, Plaintiffs believes that ARCP's proposed limitations would omit relevant documents.

If ARCP is to be believed, it is clear that any documents prior to the public

announcement of the merger would be irrelevant or disproportionate at this time. It is also clear from the exhibits that Mr. Brandon was involved to some extent in the merger (Doc. 285-1, ex 5, at 12.) Therefore, ARCP shall disclose Mr. Brandon's relevant document after the merger was publically announced in October of 2013. The Court acknowledges that the parties also disagree what search terms would provide relevant documents in connection to Mr. Brandon without being overbroad. The Court declines to make a ruling on the appropriate search terms at this time. The Court instead orders the parties to meet and confer in an attempt to meet an appropriate compromise in light of the rulings in this Order and, further, the parties shall update the Court regarding this issue on or before June 29, 2018.

Second as to the requested nineteen search terms, the Court orders that the following agreed-to search terms be applied: 5-9, 12-14, 17-19.[1] (Doc. 282-1, ex 4, at 27, ex. 9, at 92-94, ex 10, 100-02.) The Court further approves search term 4. These documents are not disproportionate and are likely to provide relevant material. The Court believes that ARCP's compromise for search term $10^2$ is appropriate and that Plaintiffs' proposal is disproportionate. The Court also believes that search terms 11, 15, and 16 are disproportionate and unlikely to result in sufficient relevant documents given the high number of matches. Therefore, the Court does not approve search terms 11, 15, and 16. The only remaining contested search terms are 1-3. The Court believes that a reasonable compromise exists between the parties' proposals. While, the Court understands Plaintiffs need to discovery regarding the Arizona connection, the Plaintiffs' proposal is overly broad and disproportionate. The Court instead orders the parties to meet and confer in an attempt to meet an appropriate compromise in light of the rulings in this Order and, further, the parties shall update the Court regarding this issue on or before June 29, 2018.

Failure to work toward a reasonable compromise may result in an arbitrary decision by the Court that neither side would find satisfactory. The parties are more

---

[1] The Court is using the numbering from the Letter to Antonia Apps and Jonathan Ohring from Beko Richardson dated January 11, 2018 (Doc. 282-1, ex. 1, at 7-8).
[2] This compromise may be found in Letter to Beko Richardson from Jonathan Ohring dated January 9, 2018 (Doc. 282-1, ex. 10 at 101).

1  familiar with the history of this matter and possess a more-detailed knowledge as to the
2  needs of this particular matter than the Court at this time.
3       Dated this 7th day of June, 2018.

_____
Honorable James A. Soto
United States District Judge